# CASES DETERMINED

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

MARCH TERM, 1891.

WILLIAM D. BROWN, Defendant in Error, v. HENRY C. MILLER, Plaintiff in Error.

### Kansas City Court of Appeals, May 25, 1891.

1. **Married Women:** POSSESSION OF WIFE'S REALTY : TERMINATION OF AGENCY. A woman is married on one day and her agent leases her land on the next day. Such lease conveys nothing, as the possession belongs to the husband and the marriage terminates the agency.

2. ———— : ———— : CONVEYANCE OF WIFE'S REALTY : DEED : ESTOPPEL. Under the statute, the sole deed of the husband will not answer even to convey his marital right of possession in his wife's realty. An estoppel *in pais* can never operate to prejudice the rights of the person estopped, except when the sole deed of such person would have a similar operative effect.

3. **Injunction:** WASTE : EVIDENCE. The evidence in this case *held* to support a finding that there was imminent danger of the commission of waste, and justified the granting of an injunction.

(1)

Brown v. Miller.

*Appeal from the Caldwell Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Crosby Johnson,* for plaintiff in error.

(1) Except as to her separate estate a married woman can have no agent. *Wilcox v. Todd,* 64 Mo. 390; *Hall v. Callahan,* 66 Mo. 316. (2) The land involved in this case was not the separate property of Mrs. Brown; but after her marriage her husband became entitled to possession thereof. *Dyer v. Wittler,* 89 Mo. 81. (3) Marriage of Mrs Brown revoked the authority of Cox as her agent. Ewell's Evans on Agency, 99. (4) In leasing the land Cox did not intend or purport to act for W. D. Brown, but for himself or Mrs. Brown. *Mill Co. v. Brundage,* 25 Mo. App. 268; Story's Agency, sec. 251 *a.* (5) As Cox was not professing or designing to act as the agent of W. D. Brown, Brown could not make an effectual ratification of Cox's acts. *Mill Co. v. Brundage, supra; Steinkamp v. McManus,* 26 Mo. App. 51. (6) In this state it is not essential that the threatened injury should be irreparable to warrant the granting of an injunction. *Harris v. Board,* 22 Mo. App. 463; *McPike v. West,* 71 Mo. 199; *Dubach v. Railroad,* 89 Mo. 483. (7) Breaking up pasture, or threatening to do so, is ground for injunction. *Wilds v. Layton,* 1 Del. (Chan.) 226; Taylor on Land. & Ten., sec. 345; *Clemence v. Steer,* 53 Am. Dec. 621. (8) Injunction will issue when waste is threatened. High on Injunctions, secs. 655–672.

*Garner, Summerwell & Black* and *James L. Harris,* for defendant in error.

(1) This suit can only be maintained upon the theory that the plaintiff is entitled to the possession of the premises; and that section 6868, Revised Statutes,

1889, does not take away the marital right of the hus-
band to the possession of real estate owned by the wife
at the time of her marriage; and the same is not the
sole and separate property of the wife. (2) Defend-
ant insists that if the husband is entitled to the posses-
sion of this property under said section 6868, and is
thus entitled to bring this action, the conduct of
the plaintiff has been such as to ratify such lease and to
estop him in this an equitable action to enjoin defend-
ant from disputing the validity thereof. 25 L. A.
297; *Chandler v. Jost,* 81 Ala. 412 ; R. S. 1889, sec.
5186, p. 1257 ; Hill on Injunctions [3 Ed.] p. 33; 2
Story's Eq. Juris., p. 33 ; *Skrainker v. Ortell,* 14 Mo.
App. 481.

GILL, J.—This is an injunction suit brought by
plaintiff Brown to enjoin defendant Miller from enter-
ing upon, plowing up the grasses and cutting and
destroying the timber of a certain three hundred acres of
land, the title of which is vested by ordinary conveyance
in plaintiff's wife. The circuit court heard the case on
petition, answer and reply, with evidence tending to
sustain the claims of plaintiff and defendant respect-
ively, and gave judgment for the plaintiff, awarding the
relief prayed for. Defendant appealed.

The circumstances giving rise to this litigation may
be substantially stated as follows : On October 10, 1888,
plaintiff was married to Mary Catron, who then owned
as general property the three-hundred-acre farm. Miss
Catron's interest in this farm had been theretofore
looked after by one John D. Cox ; and as her agent, and
without knowledge of her marriage, Cox, on October 11,
1888, entered into a written contract of lease of the
farm to defendant Miller, the term to begin March 1,
1889, and ending March 1, 1890. Said lease was signed
by John D. Cox, agent for Miss Mary Catron. The
land was then occupied by Smith, whose tenancy closed
with the last day of February, 1889. During the first

days of March, 1889, and before defendant Miller had taken actual possession under the lease from Cox, plaintiff Brown entered into possession of the land, and gave notice to Miller that he would not respect the alleged lease from Cox, and warned Miller not to enter the premises, etc. Miller, however, ignored Brown's warning, forced the fences, hauled some posts onto the land, and, on March 13, began the construction of a small house thereon. The farm was about equally divided into cultivating and pasture land, and a portion thereof was covered with timber. The evidence satisfactorily shows threats from Miller to plow up the grass and to cut and destroy the timber. It was at this period—when defendant Miller was invading the land, and about to erect a house thereon, and threatening injury to the premises—that plaintiff sued out this injunction, which on a final hearing was made perpetual.

I. The law and the facts of this controversy are, in our opinion, all with the plaintiff. By virtue of the marriage of Miss Catron to Brown, October 10, 1888, the plaintiff became, at that date, entitled to the possession and use of the land in question. So then the alleged lease the next day ( October 11 ), entered into by Cox ( claiming to act as the agent of Miss Catron ), was a nullity. This pretended lease was void even for another reason ; admitting the former agency of Cox, the marriage of Miss Catron ( his principal ) had the effect to revoke such agency, and, therefore, when the lease was made on October 11, Cox had no authority whatever to represent the then Mrs. Brown. Ewell's Evans on Agency, side page 99.

II. The Cox lease then, of its own force at least, conferring no right on defendant, we come now to the next point made by his counsel. It is contended, that, admitting the invalidity of the alleged lease as made by the agent Cox, yet that plaintiff is estopped from disputing its efficacy. It is claimed that, after his marriage to Miss Catron, he, the plaintiff, received the written

instrument with note for the rent and made no objection thereto ; that he permitted defendant to work on the farm, to break stalks and to proceed in the construction of a house, etc., because of all which the plaintiff is precluded from the assertion that the defendant had no lease, etc. Now in the first place the testimony shows, that defendant broke the stalks during the month of February and while the former tenant occupied the premises, and that, too, without the knowledge of plaintiff—and as to expending money in constructing a house, it seems, plaintiff moved promptly on receipt of such information and by this suit enjoined defendant from proceeding therewith. However this may be, it is clear the plaintiff cannot make a lease of this farm (owned as it is by his wife) by his acts, or by an estoppel, but only in the manner pointed out by the statute. R. S. 1889, sec. 6868. The portion of this section applicable here, reads as follows: "The rents, issues and products of the real estate of any married woman * * * and the interest of her husband in her right in any real estate which belonged to her before marriage * * * shall, during coverture, be exempt * * *; and no conveyance made during coverture by such husband of such rents, issues and products, or *of any interest in such real estate*, shall be valid, unless the same be by deed executed by the wife jointly with the husband and acknowledged by her in the manner now provided by law, in the case of the conveyance by husband and wife of the real estate of the wife." Now the import of this language is clearly, to deny the power to the husband of conveying away *any interest* in the wife's real estate, even his own interest by virtue of his marital rights, except such conveyance be by an instrument of writing, jointly executed by both husband and wife. A conveyance of the interest in the wife's real estate, held by her in severalty and in the ordinary way, can only be accomplished by the joint deed of husband and wife. The sole deed of the husband

will not answer even to convey his marital right of possession. Since then the husband's sole deed will have no such effect, it has been decided that the conduct of the husband, in the nature of estoppel, can have no such force. An estoppel *in pais* can never operate to prejudice the rights of the person estopped, except when the sole deed of such person would have a similar operative effect. *Mueller v. Kaessmann*, 84 Mo. 318; *Henry v. Sneed*, 99 Mo. 426.

The *Kanage case*, reported in 76 Mo., page 208, which is cited and relied on by defendant's counsel, is expressly overruled in *Mueller v. Kaessmann, supra*, and is no longer authority for the position here contended for. So then we conclude that as the year's tenancy of Mrs. Brown's farm was never carved out and conveyed to defendant as prescribed by the statute—by an instrument of writing jointly executed by the husband and wife—defendant had no right as tenant, or otherwise, to enter upon, cultivate, use or abuse the farm in question.

Upon reading the evidence adduced at the trial, we discover no reason to question the court's finding that there was imminent danger of the commission of waste by defendant at the institution of the suit. The judgment of the lower court was for the right party and is affirmed. All concur.