ALBERT BARTLETT, Trustee, Plaintiff, v. MARY E. ROBERTS, Respondent; A. KIRKPATRICK, Assignee, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. **Married Women:** DEED: STATUTE. A married woman can not make a valid conveyance of real estate to which she has a general legal title without her husband joining in the deed; and the amendments to the married woman's act contained in the revision of 1889 do not authorize such conveyance.

2. **Construction:** STATUTES TAKEN TOGETHER. The different sections of the revision of 1889 should all be read together and harmonized giving effect, if possible, to every portion, and sections 6864 and 6869 are not to be construed so as to annul or contradict section 2396.

3. **Married Women:** ESTOPPEL: DEED. An estoppel *in pais* can never operate to prejudice the rights of the person estopped except when the sole deed of such person would have a similar operative effect.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*B. R. Vineyard* for appellant.

(1) Construing the married woman's act relating to personal property, it has been repeatedly held by the supreme court and by this court that as to such property, the wife was to be treated as a *femme sole*, with the power of disposing thereof at her pleasure, without being united with her husband in such disposal. *Blair v. Railroad*, 89 Mo. 390, 392; *Broughton v. Brand*, 94 Mo. 174; *Bedsworth v. Bowman*, 104 Mo. 44; *Seay v. Hesse*, 123 Mo. 461; *Ilgenfritz v. Ilgenfritz*, 40 Mo. App. 136, 137. (2) It has been held also that this statute acts prospectively, and can have no application to rights in property acquired prior to the time it took effect. *Roberts v. Walker*, 82 Mo. 208; *Leete v. Bank*, 115 Mo. 184. (3) It has been likewise repeatedly decided by the supreme court, in proceedings in equity, that the wife's real estate, acquired by deed, vesting in her a separate estate, may be conveyed by her without being united with her husband. *Richardson v. DeGiverville*, 107 Mo. 422; *Pitts v. Sheriff*, 108 Mo. 110; *Fairchild v. Creswell*, 109 Mo. 29, 38, 39; *Wood v. Kice*, 103 Mo. 338; *Small v. Field*, 102 Mo. 120; *Turner v. Shaw*, 96 Mo. 28. (4) The case at bar is a proceeding in equity by a bill of interpleader. *Grand Lodge v. Elsner*, 26 Mo. App. 108, 113, and was submitted to the court by both contestants to this action, and tried by the court below as such. (5) And if Mrs. Roberts had a separate estate in the land conveyed to her by Miller in 1892, as the statute, section 6869, said she should have, then she was estopped from

denying the validity of the deed by her to Ogden. *Leete v. Bank*, 115 Mo. 204; *Seay v. Hesse*, 123 Mo. 461, 462; *Henry v. Sneed*, 99 Mo. 425. She is even responsible on the covenants in her deed as to such property. *Bosford v. Pearson*, 89 Mass. 504. (6) The married woman's act in reference to personal property, as amended in 1883 (Acts, 1883, p. 113), was further amended in 1889, in the revision of that year, by including in its provisions real as well as personal property. 2 R. S. 1889, sec. 6869. "Every owner of property who has the sole control thereof, may dispose of the same." *Blair v. Railroad*, 89 Mo. 391; *Emerson v. Clayton*, 32 Ill. 493; *Beal v. Warren*, 2 Gray. 447; *Duren v. Getshell*, 55 Me. 241; *Albin v. Lord*, 39 N. H. 196; *Bedsworth v. Bowman*, 104 Mo. 48; *Wood v. Wood*, 83 N. Y. 575, 580. (7) The rule of the lower court, holding the deed of Mrs. Roberts to Ogden to be absolutely void, nullifies the effect of the amendment of the married woman's act in 1889 (2 R. S. 1889, sec. 6869) including real estate within its provisions, and also nullifies the power conferred on her by section 6864, to contract and be contracted with as a *femme sole*. *Beal v. Warren*, 2 Gray. 447; *Levy v. Durden*, 38 Miss. 64; *Ellett v. Wade*, 47 Ala. 464; *Arnold v. Willis*, 30 S. W. Rep. 517, 518; *Leete v. Bank*, 115 Mo. 204; *Henry v. Sneed*, 99 Mo. 425; *Emerson v. Clayton*, 32 Ill. 498.

*Thos. F. Ryan* for respondent.

(1) We deny appellant's statement of the law that a married woman can dispose of her personal property held by virtue of the married woman's act, as if she was a *femme sole* with power of disposition thereof at pleasure. There is a limitation on her right of disposition; she can not dispose of it to her hus-

band, except in the manner pointed out by the statute. *Broughton v. Brand*, 94 Mo. 174; *Kyle v. Powell*, 96 Mo. 526. (2) We concede it to be the settled law of this state that a married woman can make an equitable conveyance of her separate equitable estate without her husband joining her in the deed. It is equally a well settled principle of law that she can convey her legal estate only in the manner prescribed by the statute. *Gwinn v. Turner*, 101 Mo. 551; *Rush v. Brown*, 101 Mo. 586; *Schafer v. Kugler*, 107 Mo. 61; *Richardson v. DeGiverville*, 107 Mo. 422. And the principle herein decided has not been changed by section 6869 of the statutes of 1889. *Brown v. Dressler*, 125 Mo. 589; *Bearden v. Miller*, 54 Mo. App. 201. (3) The deed from Miller and wife to respondent, Mary E. Roberts, conveyed to her a legal estate. We must look alone to the deed to ascertain what estate was granted. We can not consider facts *de hors* the deed. *Schofroth v. Ambs.*, 46 Mo. 580; *Paul v. Leavitt*, 53 Mo. 596; *Hickman v. Hickman*, 55 Mo. App. 309; *Nicholson v. Flynn*, 24 Mo. App. 571. (4) The estate acquired by a married woman by virtue of the statute is not of the same character as her equitable separate estate at common law. *Bedsworth v. Brown*, 104 Mo. 52; *Turner v. Shaw*, 96 Mo. 28. (5) Section 6864 and and section 6869, Revised Statutes of 1889, have not changed the law of conveyance as prescribed by section 2396. Therefore the deed executed by Mary E. Roberts to Ogden was null and void and conveyed to him no title. *Brown v. Dressler*, 125 Mo. 589; *Bearden v. Miller*, 54 Mo. App. 201; *Brown v. Miller*, 46 Mo. App. 5. (6) Section 6869 of Revised Statutes, *supra*, does not deprive the husband of his curtesy in the real estate of his wife acquired by the means as stated in said section. The most that can be said is that it holds the rights of the husband in abeyance until the

death of the wife. *Solton v. Solton*, 93 Mo. 307; *Spencer v. O'Neil*, 100 Mo. 149; *McTigue v. McTigue*, 116 Mo. 142, bottom of page. Besides, Roberts, under the decision of the case of *Leete v. Bank*, 115 Mo. 185, had a vested right in the property that could not be affected by the statute. (7) The question of estoppel can not arise in this case as it has not been pleaded. *Hammerslough v. Cheatem*, 84 Mo. 13; *Bray v. Marshall*, 75 Mo. 327; *Weise v. Moore*, 22 Mo. App. 531; *Brown v. Miller*, 46 Mo. App. 6, and cases therein cited.

GILL, J.—This is a controversy as to the ownership of $484.83, which was a surplus left after the foreclosure of a deed of trust covering certain real estate in St. Joseph. Plaintiff Bartlett was the trustee who made the sale under the deed of trust; and as the amount left after paying the secured debt was claimed by Mrs. Roberts and by Kirtpatrick, assignee of Commercial Bank, he, Bartlett, filed a bill of interpleader, and the court required said claimants to come in and interplead. In the contest between interpleaders Mary E. Roberts and Kirkpatrick, assignee, the circuit court decided in favor of the former, and the latter appealed.

The material facts upon which the litigation is based, are these: Prior to July 1, 1892, the real estate was owned by Miller. On that day Miller conveyed the same by an ordinary warranty deed to Mrs. Mary E. Roberts. The purchase was made by George L. Roberts (acting for his wife), who paid Miller $2,300 in cash, and took the property subject to a deed of trust of $3,000; and it was under this incumbrance the property was subsequently sold by Bartlett, trustee. It seems that the greater part of this cash payment was money that came from the estate of Mrs. Roberts'

mother. In February, 1893, Mrs. Roberts, without her husband's joining, made a quitclaim deed to Ogden, who, at the same time, made a like deed to George L. Roberts, interpleader's husband. These deeds were for a mere nominal consideration of $1. Nearly two years after this occurred, George L. Roberts (his wife not joining) executed a deed of trust, covering this same lot and other property, to secure a debt he (Roberts) was owing the Commercial Bank, Kirkpatrick's assignor. The evidence shows that the other property did not realize sufficient to pay Roberts' debt, and the bank's assignee is now claiming this surplus.

The decisive question in this case is, what effect should be given the deed from Mrs. Roberts to Ogden, dated February, 1893, and in the execution of which the grantor's husband did not join. If that instrument was noneffective to transfer Mrs. Roberts' title, then it would seem clear that she is entitled to the fund in dispute. If the Commercial Bank's assignee has any right to the money, it must necessarily rest on the validity of the conveyance of Mary E. Roberts to Nathan P. Ogden. The circuit court, it seems, held that deed void, and in that decision we concur. The case is this: Can a married woman, under the laws of this state, make a valid conveyance of real estate, to which she has a general legal title, by a deed signed by her alone—her husband not joining therein? It has been repeatedly decided by the courts of this state that she can not; and for the very satisfactory reason, that the statute law of the state has so restricted her powers in that regard.

In the very early history of the state, there was no law authorizing husband or wife, or both together, to convey the wife's general real estate, during the existence of the marriage. *Garnier v. Barry*, 28 Mo. 438; *Dunn v. Miller*, 75 Mo. 260. But for a long time the statute

has provided, as now, that "a husband and wife may convey the real estate of the wife * * * by their joint deed acknowledged and certified as herein provided." Sec. 2396, R. S. 1889. And further: "A married woman may convey her real estate * * * by power of attorney authorizing its conveyance, executed and acknowledged by her jointly with her husband, as deeds conveying such real estate by them are required to be executed and acknowledged." Sec. 2397.

It is true that when the courts came to deal with the equitable separate landed estates of the wife, they held the wife competent to convey the same by her sole deed. Though this was at one time denied. *Martin v. Colburn*, 88 Mo. 229. However, this case has been overruled, and the law may be considered as settled to the contrary, as declared in *Turner v. Shaw*, 96 Mo. 22. The supreme court there, through Judge SHERWOOD, answering an objection to the sufficiency of the wife's deed, to convey her equitable separate estate, because the husband had not joined in its execution, says: "However this may be as to mere *statutory* estates, which require a joinder of husband and wife in order to their valid execution, it will not hold as to *separate estates in equity*, which the wife may *charge, mortgage, or convey without let or hindrance from her husband.*" But while this has been allowed as to the equitable separate estate of the wife, the courts of this state have uniformly held that the ordinary legal estate of the wife can only be conveyed in the manner pointed out by the statute—that is, by the joint deed of herself and husband. The authorities will be found cited in briefs of counsel.

But it has been urged here by appellant's counsel, in a very able and plausible argument, oral and printed, that the law has been materially modified by the addition of a new section to the married women's chapter

(section 6864, R. S. 1889), and by a slight change in section 6869; that under these sections a married woman may convey her statutory title in real estate without joining her husband. Section 6864 made its first appearance in the revision of 1889. It reads: "A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and to be contracted with, to sue and be sued, and to enforce and to have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law, or in equity, without her husband being joined as a party," etc. Section 6869 of the present married women's statute was, to a certain extent, enacted in 1875, it was amended in 1883, but the change then made is not material to our present discussion. Prior to the revision of 1889, that portion of the section necessary to be considered here, provided as follows: "Any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture, by gift, bequest, or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase, and profits thereof, be and remain her separate property and under her sole control; and shall not be liable to be taken by any process of law for the debts of her husband," etc. In the late revision this was amended by inserting in the beginning of the section the words ,"all real estate;" so that it now reads: "All real estate and personal property, including rights in action, etc., * * * belonging to any married woman, or which may have come to her, etc., * * * shall be and remain her separate property and under her sole control," etc.

In *Brown v. Dressler*, 125 Mo. 589, the supreme court had before it the question of the validity of a mortgage deed, executed by a married woman, and conveying her general property, without her husband's joining. It was there contended by the party claiming under the instrument that it was a valid mortgage, because of the provisions of section 6864, above quoted. The court, however, held that the sole deed of a married woman could not operate as a legal conveyance of her ordinary estate. In the opinion, and after conceding the power of a married woman to charge her real estate, by contract, etc., this language was used:

"But this section (6864) does not authorize her to convey her real estate as a *femme sole,* nor is such power to be fairly implied from its terms. On the contrary, the fair implication is that when she undertakes to convey her real estate, she shall do it in the manner required of a married woman by the statute, that is, by a joint deed with her husband. This seems to be not only a fair construction of the terms of the section itself, but when that section is read in connection with the other provisions of the same act, and of the act on conveyances of real estate, revised at the same session, it would seem to be absolutely necessary, in order to harmonize, give meaning to, and render operative all the terms of these revised acts. It seems from the scope of this legislation that, while our lawmakers were willing to confer upon married women power to make contracts binding on their real estate, they were unwilling to confer upon them the power of alienating the same absolutely by deed, without the knowledge or acquiescence of their husbands."

This same argument may be well used in reference to the provisions of section 6869. While that statute has enlarged the exclusive rights of the wife in her real estate and denied the husband any control or interest

therein (unless, indeed, it be his curtesy), said property yet remains her statutory legal estate, as distinguished from an equitable separate estate; and being such, it can be conveyed only in the manner directed by the statute. The *extent* of the married woman's interest in real estate—if it be a legal or statutory interest—has nothing to do with the question as to how it shall be conveyed. There is not a word in either section (6864 or 6869) that even tends to show that the legislature meant to change the mode prescribed and long followed for conveying a married woman's real estate in which she held an ordinary legal or statutory title. As said by Judge BRACE in case above cited, the different sections of the revision of 1889 should all be read together and harmonized, giving effect, if possible, to every portion. Now, section 2396 declares how the legal or statutory estate of a married woman may be conveyed—that is, by the joint deed of husband and wife. It is our duty to so construe 6864 and 6869 as not to annul or contradict said section 2396. And so construing these various sections as one harmonious code, we conclude, that while the first named have enlarged the powers and declared the separate control of married women in and to their real estate, held by ordinary deed, the latter section yet remains to direct how such estates shall be conveyed. The law providing for the conveyance of a married woman's general or statutory real estate stands just as it was before the amendments of 1889. Sections 6864 and 6869 have given married women more complete dominion and control over such property; have empowered them to contract in reference thereto far beyond anything they have yet enjoyed; these amendments have, during coverture, excluded the husband's control of such property and declared that it shall "be and remain the wife's separate property and under her sole control." But

notwithstanding this, the property is yet a *statutory, legal estate*, and not an *equitable, separate estate*. It must, then, be conveyed in the statutory mode provided for the former, and can not be transferred as courts of equity will permit the latter. The deed, therefore, of Mary E. Roberts to Ogden was void and conveyed no title.

Since, then, Mrs. Roberts' deed was void because not joined by her husband in the execution thereof, it is clear that she was entitled to the surplus proceeds arising from a sale by the trustee, Bartlett. Nor can she be denied this on any claim of estoppel. "An estoppel *in pais* can never operate to prejudice the rights of the person estopped, except when the sole deed of such person would have a similar operative effect." *Brown v. Miller*, 46 Mo. App. 1, and cases cited.

The judgment is for the right party and will be affirmed. All concur.