GENOWAY, Appellant, v. MAIZE.

### Division Two, June 11, 1901.

1. **Acknowledgment: TESTED BY LAW IN FORCE.** The validity of an acknowledgment to a deed taken in December, 1865, must be tested by the Revised Statutes of 1855, the law then in force.

2. ————: **BEFORE JUSTICE OF PEACE: VALID BETWEEN PARTIES.** A deed acknowledged before a justice of the peace of Ohio, under Revised Statutes of 1855, was valid between the parties thereto, and it was valid as between them though not acknowledged at all. The purpose of the acknowledgment is to permit the deed to be recorded, and the purpose of recording the deed is to give notice.

3. ————: ————: **HUSBAND'S DEED VALID: DOWER.** Where the husband and wife in December, 1865, joined in a deed which was acknowledged by him before a justice of the peace in Ohio, and by her subsequently acknowledged before a circuit clerk in Missouri, the deed being valid as between the husband and the grantee, who is the defendant, its execution by the husband being admitted, the wife's dower is barred.

Appeal from Henry Circuit Court.—*Hon. Jas. H. Lay,*
Judge.

AFFIRMED.

*John Cosgrove* and *James W. Cosgrove* for appellant.

(1) Peter F. Genoway's acknowledgment of deed dated December 27, 1865, before a justice of the peace in Ohio, was a nullity as to appellant. Bishop v. Schneider, 46 Mo. 480; Bagby v. Emerson, 79 Mo. 139. Said instrument so acknowledged failed in the requisites of admission to record.

There was no law authorizing it to be recorded. Appellant's subsequent acknowledgment thereof before the circuit clerk of Henry county did not bring the deed within the statutory requirements for the conveyance of her inchoate dower interest. Separate deeds can not effect a transfer of dower. There must be, in all respects, a joint deed by husband and wife. Hoskinson v. Adkins, 77 Mo. 540; Goff v. Roberts, 72 Mo. 570; Bartlett v. O'Donoghue, 72 Mo. 565; Bartlett v. Roberts, 66 Mo. App. 125; Tatum v. St. Louis, 125 Mo. 647. (2) It was error to admit in evidence the separate deed of Peter F. Genoway, dated February 5, 1866, and the judgment should be reversed. No act of appellant's husband could affect her dower interest in said real estate. It was incompetent for any purpose against her. Grady v. McCorkle, 57 Mo. 175; Williams v. Courtney, 77 Mo. 588; Davis v. Green, 102 Mo. 170; Saunders v. Blythe, 112 Mo. 5.

*James Parks & Son* for respondent.

(1) An unacknowledged deed is good at common law, as between the parties thereto, and the acknowledgment and recording does not increase its force or validity. Strickland's Heirs v. McCormick's Heirs, 14 Mo. 169; Cooley v. Rankin, 11 Mo. 642; Caldwell v. Head, 17 Mo. 563. The fifteenth section of the act concerning conveyances prescribes, that every conveyance in fee, or of a freehold estate, shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent. This is all that is necessary to make the deed binding between the parties thereto. The sixteenth section, which requires conveyances to be acknowledged, or proved and recorded, is to be taken in connection with the forty-second section of the same act, which

declares that no such instrument in writing shall be valid, except between the parties thereto. and such as have actual notice thereof, until the same shall be deposited with the recorder for record. Stevens v. Hampton, 46 Mo. 408; Herrington v. Fortner, 58 Mo. 473; Wilson v. Kimmel, 109 Mo. 264; 1 Devlin on Deeds (2 Ed.), secs. 464 and 465. (2)   Where one deed is given in correction of a prior deed, their making and delivery will be construed as one entire transaction.   Crowder v. Searcy, 103 Mo. 119; 2 Devlin on Deeds (2 Ed.), sec. 845. (3)   Where the judgment of the trial court is manifestly for the right party, it will be affirmed notwithstanding errors which do not materially affect the merits of the case. Williams v. Mitchell, 112 Mo. 300; State ex rel. v. Jones, 131 Mo. 194.

GANTT, J.—This is an action for the assignment of dower in certain lands in Henry county, Missouri.   Since the appeal to this court the defendant has died and the cause has been properly revived against his executrix, Mrs. Bettie Maize.

The petition alleges the marriage of plaintiff to Peter F. Genoway, July 31, 1833, and that said Peter and plaintiff continued to live together as husband and wife until the death of Peter Genoway on July 8, 1896; that during said marriage said Peter Genoway was seized of an estate of inheritance in the northeast quarter of section 34, township 44, range 26, and the south one-half of the northwest quarter of said section 34, containing in all two hundred and forty acres.   That plaintiff has not relinquished her dower in said real estate and is entitled to one-third thereof for and during her natural life, as and for her dower therein; that on or about September 4, 1897, she demanded her dower of defendant, but he refused to recognize her dower therein, for which, with damages, she prays judgment, etc.

The answer admits the marriage of plaintiff and Peter Genoway as alleged in the petition, and the seizin of said Peter Genoway, in his lifetime and during the said marriage, of the lands described in the petition, and that defendant claims to be the owner in fee thereof, and denies all other allegations.

Further answering, the defendant says that by deeds of conveyance dated December 27, 1865, and February 5, 1866, recorded in deed book "O" at page 317, 318 and 319, and deed book "O" at page 420 of the records of Henry county, Missouri, the said Peter F. Genoway conveyed by warranty deed to Francis M. Maize, defendant, the lands described in plaintiff's petition in fee, and that the plaintiff joined with her said husband in the same and therein and thereby relinquished her dower in and to said lands.

And for a third defense defendant pleaded the statute of limitations of thirty years as provided in section 6770, Revised Statutes 1889.

In her reply, plaintiff admits she signed a paper dated December 27, 1865, the same paper referred to by defendant in his answer as a deed from plaintiff and her husband to said defendant, but she denies that said alleged deed was the joint deed of herself and husband, Peter Genoway, and she denies she relinquished her dower in the real estate in said deed described.

For further reply she says that said Francis M. Maize promised and agreed to pay plaintiff the sum of one thousand dollars if she would sign said alleged deed dated December 27, 1865; that she signed the same relying upon the promise of said Maize and said agreement to pay her said sum of one thousand dollars; that after said Maize obtained possession of said deed under and by means of said promise and agreement he refused to pay her the said sum of one thousand dollars or

any part thereof. And plaintiff says that her signature to said deed was procured by fraud and deceit of the said Maize and the same is not of any binding force against her in law, or otherwise.

"And for her further reply plaintiff denies all new matter set up in defendant's answer not herein admitted to be true, and having fully replied she prays judgment as in her petition."

On the trial the parties stipulated for this and other like cases as follows:

"1.    That Peter F. Genoway and plaintiff were married July 31, 1833, and that they continued to live together as husband and wife until the death of the said Peter F. Genoway, July 8, 1896.

"2.    That the said Peter F. Genoway owned the several pieces or parcels of land described in each of the petitions in the above entitled cases respectively.

"3.    That each of the defendants claim title of their respective pieces of land under said Peter F. Genoway, deceased, or the defendant Francis M. Maize, who claims said title under said Peter F. Genoway, deceased.

"4.    That the several defendants are each in possession of the respective pieces of land described in the petition, alleged to be so held by the respective defendants and were on the eighth day of July, 1896.

"5.    That Peter F. Genoway and the plaintiff signed and acknowledged a deed to all of the land described in each of the petitions in the above-entitled causes which deed is dated December 27, 1865; that said deed was acknowledged by the said Peter F. Genoway before Nathan Marchant, a justice of the peace of Hamilton county, Ohio, December 27, 1865, and by the plaintiff before James Parks, circuit clerk of Henry county, Missouri, January 18, 1866.

"6.   That said Peter F. Genoway made and delivered another deed of same land to defendant Francis M. Maize dated February 5, 1866, and acknowledged the same before B. F. Horton, clerk of Ham. Com. Pleas, State of Ohio, in which the plaintiff did not join and that the defendants or any of them shall have the right to offer either or both of said deeds in evidence upon the trial of any of said cases, and the signing of said deeds, is admitted, subject to any objections which the plaintiffs may make to them, or either of them, as evidence in said suits, or either of them.   That nothing herein shall preclude the plaintiff from offering testimony at the trial of any of the above-entitled suits that the plaintiff acknowledged the deed to defendant Francis M. Maize about December 27, 1865, under a promise from said Francis M. Maize that if she so signed and acknowledged said deed he would pay or cause to be paid to her about $1,000 or $1,300 and that said money or any part of it has never been paid to the said plaintiff; that the said defendants reserve the right to make any objection to such evidence if offered by the plaintiff in any of the above suits.

"8.   That Mrs. Genoway was in possession of the land prior to December 27, 1865, and that she vacated the same on or about December, 1865, or January, 1866.

"9.   That the plaintiff is the widow of Peter F. Genoway, deceased.

"10.   That neither plaintiffs nor Peter F. Genoway, deceased, nor any one of them, have been in possession of any of said lands since 1866, nor have they or any one for them paid any taxes on any of said land."

The plaintiff then introduced testimony tending to show the rental value of the land described in the petition, but as the question raised is not material to the determination of the questions involved in this record, it is omitted.

The defendant offered in evidence the deeds from Peter Genoway to Francis M. Maize, with the certificates of acknowledgment thereon. Also evidence as to the rents and profits.

At the conclusion of the evidence the court declared the law to be that plaintiff could not recover and refused all of plaintiff's instructions. Plaintiff appeals.

I.   Our first inquiry must be as to the sufficiency of the deed of Peter Genoway and wife of date December 27, 1865, to defendant Maize, to bar the dower of plaintiff, the widow of said Peter.

By reference to the stipulated facts it will be observed that the execution of that deed by Peter Genoway was attested by two witnesses and acknowledged by him before a justice of the peace in the State of Ohio, and the relinquishment of the plaintiff's dower was acknowledged before the clerk of the circuit court of Henry county, in which county the lands lie.

As the predicate of his first contention, counsel for plaintiff asserts that the acknowledgment is a part of the deed and without it the deed is inoperative, and inasmuch as the acknowledgment by Peter Genoway, the husband, was taken before a justice of the peace in Ohio, an officer not authorized to take and certify it, the deed is not a valid conveyance.

As this deed was executed and delivered December 27, 1865, it must be tested by the Revised Statutes of 1855, the laws then in force. ·

By section 31, chapter 32, Revised. Statutes 1855, p. 361, it was provided that "a married woman may relinquish her dower in any of the real estate of her husband, by any conveyance thereof, executed by herself and husband, and acknowledged and certified in the manner hereinafter prescribed, or by power of attorney authorizing the same, executed and acknowledged as hereinafter provided for married women."

Section 32 required such relinquishment to be taken before some court or officer authorized by said act "to take the proof or acknowledgment of instruments in writing conveying real estate, or affecting the same."

Section 33 provided: "No such relinquishment shall be taken unless such married woman shall be personally known to at least one judge of the court, or to the officer taking the same, to be the person whose name is subscribed to such conveyance as a party thereto, or shall be proved to be such by at least two credible witnesses, nor unless she shall be made acquainted with the contents of such conveyance, and shall acknowledge, on an examination apart from her husband, that she executed the same and relinquishes her dower in the real estate therein mentioned, freely, and without compulsion or undue influence of her husband."

Section 35 provided: "A married woman may convey any of her real estate, by any conveyance thereof, or by power of attorney, authorizing the conveyance thereof, executed and acknowledged by herself and husband, and certified in the manner hereinafter prescribed, by some court having a seal, or some judge, justice, or clerk thereof."

By section 42 of the same chapter: "No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record."

Under these enactments, we agree with the learned counsel that the deed by which a wife relinquished her dower must have been a joint deed. Such is the plain requirement of the statute, but we can not yield our assent to his proposition that the deed was void as between the parties thereto and those having actual notice thereof. As between Peter Genoway and Francis M. Maize the deed when delivered was a perfectly valid conveyance of the lands therein described without any acknow-

ledgment whatever. This has been the uniform construction of our recording and conveyance acts. The statute prescribing how the acknowledgment shall be taken and the proof made, *as to one sui juris,* was adopted in order to admit it to record, and to constitute notice after it was deposited with the recorder for record. [Caldwell v. Head, 17 Mo. loc. cit. 563 ; Stevens v. Hampton, 46 Mo. loc. cit. 407 ; Harrington v. Fortner, 58 Mo. loc. cit. 473.]

The husband's deed being valid as to him, and his wife having joined in that deed, it complied with the statute so as to make it their joint deed, and when the wife acknowledged it, as she did in full compliance with the requirements of the then existing statute, it had the effect of relinquishing her dower and is a bar to this action. The stipulation of the parties obviated the necessity of taking the proof of the two subscribing witnesses to the execution of the deed by the husband, and there was therefore proof of the execution of a joint deed and a valid acknowledgment by the wife. The decisions of this court cited by plaintiff are all readily distinguishable from the case at bar.

Tatum v. City of St. Louis, 125 Mo. 647, simply held that an unacknowledged instrument would not convey the legal estate of the wife under the statutes of 1845. Indeed, in that case the paper was neither sealed nor acknowledged by the husband or wife.

Goff v. Roberts, 72 Mo. 570, held that a deed of the husband and wife to the wife's real estate, not acknowledged by her according to the statute, was ineffectual to convey even the husband's interest therein, a very different proposition from the case at bar, in which the husband conveys his own land.

In Hoskinson v. Adkins, 77 Mo. 537, there was a conveyance of the wife's lands May 6, 1867, and it fell under the General Statutes of 1865, and this court held that the wife's

acknowledgment was not taken before an officer authorized to take it, having been taken before a justice of the peace in Iowa, and, moreover, did not contain what the statute requires, and held that the wife's title did not pass by the execution and delivery of the deed, but that a proper acknowledgment was essential, and as the deed was void as to her it was also invalid as to the husband. Without going through the whole list, it will be found that they relate to conveyances of the wife's lands, and that they were either not acknowledged at all or defectively acknowledged, or the husband did not join in conveying her legal estate. [Bartlett v. O'Donoghue, 72 Mo. 565; Bagby v. Emberson, 79 Mo. 139; Bartlett v. Roberts, 66 Mo. App. 125; Bishop v. Schneider, 46 Mo. 472.]

All of these cases accentuate the distinction between a man conveying his own lands by deed, and a married woman conveying her lands by virtue of enabling statutes. In all of which last-mentioned cases it is held, the statute must be pursued in order that the deed may be effectual. We might go into an examination of the various statutes and point out the distinction and changes made since 1845, but no good would be subserved by so doing.

It is our duty to construe the deed and acknowledgment in the light of the Revised Statutes of 1855, and when that is done, we are clear that the deed was a valid deed of Peter Genoway; that it was the joint deed of himself and wife; that its execution was duly proved, and that Mrs. Genoway's acknowledgment relinquished her dower therein, and is a bar to her recovery of dower in the lands; that it was not necessary for Peter Genoway to acknowledge the deed in order to convey his interest in the land. The deed by Genoway, subsequent to the deed in which his wife joined, of course, did not affect her dower, but it is clear that its admission in evidence affords no ground for reversal of the judgment.

Having reached this conclusion it is unnecessary to examine other points raised in the circuit court and on this appeal.

The judgment is affirmed. *Sherwood, P. J.,* and *Burgess, J.,* concur.