BEN P. BROWN, Appellant, v. WILLIAM KOENIG, Respondent.

Kansas City Court of Appeals, May 11, 1903.

Chattel Mortgages: IOWA STATUTE: EXEMPT PROPERTY: HUSBAND AND WIFE. Where the statutes of a sister State are not offered in evidence they can not be noticed by the court, and under the Iowa statute relating to the mortgaging of exempt personal property and requiring husband and wife to consent thereto in the same joint instrument, a mortgage signed by husband and wife but acknowledged only by the former is a sufficient compliance with the statute and gives notice when recorded.

Appeal from Cooper Circuit Court.—*Hon. J. E. Hazell*, Judge.

REVERSED AND REMANDED.

*Work & Work* with *Rutherford & Chambers* for appellant.

(1)   The court erred in sustaining a demurrer and directing a verdict for defendant at the conclusion of plaintiff's evidence.   1 Greenleaf on Ev., secs. 83, 92, 485, 508; Winham v. Kline, 77 Mo. App. 36-44; Flournoy v. Warden, 17 Mo. 435; Karr v. Jackson, 28 Mo. 317; Howell v. Carl, 50 Mo. App. 440; Moore v. Gans, 113 Mo. 110; R. S. 1899, sec. 3098.   (2)   The proof established a valid mortgage under the laws of Iowa.   By virtue of comity it is valid everywhere.   1 Cobby on Chat. Mtgs., sec. 64; Smith v. McClain, 24 Ia. 322; Smith v. Hutchings, 30 Mo. 380; Bank v. Morris, 114 Mo. 255; Bevis v. Bolton, 31 Mo. 437; Fuert v. Rowell, 62 Mo. 524; Bank v. Metcalf, 29 Mo. App. 384; s. c., 40 Mo. App. 494; Jones on Chattel Mortgs. sec. 260.

*D. E. Wray* and *A. A. Kroop* for respondent.

SMITH, P. J.—This is an action of replevin to recover the possession of a horse and buggy.   There was a trial and at the conclusion of the evidence the court peremptorily instructed the jury to find for defendant; and from the judgment the plaintiff appealed.

As there were no instructions given, other than that in the nature of a demurrer, and as the defendant has not favored us with any statement, brief or argument in the case, it is rather difficult to determine just upon what theory of law the case was disposed of adversely to the plaintiff.   It is not disclosed by the record in what capacity the defendant was in possession of the property at the time of the caption.   There is, however, as much as a bare hint in the evidence that he was then an officer and in possession under some kind of judicial writ or process, but as to precisely how these matters were, we are left in the main to conjecture.

It appears that the plaintiff, a banker in Ottumwa, Wapello county, in the State of Iowa, in July, 1901, loaned to one Grant Wolf, likewise a resident of that city, eighty dollars, for which the latter and wife exe-

cuted their promissory note of that date payable September first thereafter, and to secure the payment of which note they gave to plaintiff a mortgage on a horse and buggy; and which said mortgage was acknowledged by Wolf, but not by his wife. It was duly recorded in the proper county. It appears that Wolf removed the mortgaged property to this State without the knowledge or consent of the plaintiff, and without discharging the mortgage covering it.

The plaintiff, it appears, found the property in this State in the possession of the defendant of whom he made demand for the delivery, which being refused, this action was brought. As far as we can discover, the defendant sought to defeat the plaintiff's recovery solely on the ground that his Iowa mortgage was invalid, or at least was ineffectual to pass to him the right to the possession as against defendant. It seems to us that the plaintiff's mortgage prima facie entitled him to the recovery of the possession.

For aught that appears in the record, this is not a contest between plaintiff mortgagee and an existing creditor or subsequent purchaser without notice; and therefore section 2906 of the Iowa code is inapplicable to plaintiff's mortgage. The section of the statute just referred to, amongst other things, provides that, "No incumbrance of personal property which may be held exempt from execution by the head of a family, if a resident of this State, under the provisions of law, shall be of any validity as to such exempt property only unless the same be by written instrument, and unless the husband and wife, if both be living, consent in the same joint instrument." Now, it seems to have been defendant's contention that the property in dispute was exempt under the statutes of Iowa and that the plaintiff's mortgage was not valid under the section of the statute from which we have just quoted. The statutes in force in the State of Iowa relating to exemptions of personal property not having been given in evidence, we can not

take notice of them. But assuming that under the stat-
ute of that State the mortgaged property was held ex-
empt from execution by Wolf as the head of a family,
still, we must think the mortgage in issue was valid,
because he and his wife did "concur in and sign the
same joint instrument." Both concurred in the signing
but not in the acknowledgment, and we think that this
was all the statute required to render the instrument
effectual. In Grover v. Younie, 110 Iowa 446, it is
said that, "except in virtue of this statute, the *jus dis-
ponendi* of exempt property is unrestricted, and the
debtor may divest himself thereof, regardless of the
wishes of the wife and family. The invalidity extends
only to exempt property. As to all other property a
mortgage executed by the husband alone is valid."
And "The object of the statute is not to wrest from
the head of the family the control of exempt property,
but to somewhat restrict it, by requiring the *con-
currence* of the wife before it can be incumbered. As
between the mortgagor and mortgagees, the instrument
was valid, though unacknowledged. To signify the con-
currence of the wife in the joint instrument it was suf-
ficient for her to sign it. A joint acknowledgment is
not required by the statute.

The execution of the mortgage was proved. The
acknowledgment was no part of the execution. If it
had not been acknowledged by either husband or wife
it would have been valid as to the parties to the in-
strument. This is the law in both Iowa and Missouri.
Gammon v. Bull, 86 Iowa 754; Genoway v. Maize, 163
Mo. 232. So we must conclude that the mortgage was
valid if the property covered by it was not exempt from
execution; or if it was and the wife concurred in it, as
she did, by joining in its execution.

On looking at the instrument in connection with the
statute of Iowa, read in evidence, we further conclude
that it was properly acknowledged and entitled to go
upon the record as to the husband. And since, under

the proof, it was a valid mortgage in the State of Iowa, it must by comity be so regarded here. 1 Cobby on Chat. Mort. sec. 64; Smith v. McClain, 24 Iowa 322; Smith v. Hutchings, 30 Mo. 380; Bank v. Morris, 114 Mo. l. c. 262.

It is contended that the statute of exemptions was enacted for the benefit of the debtor's family and not his creditors, and that the debtor or his wife were the only persons who could claim the benefit of such statute; that it is a personal privilege which could be exercised only by the debtor or his wife. This is the general rule recognized in both Iowa and Missouri, as will be seen by reference to the established precedents cited in plaintiff's brief. But the case developed by the record is such that this question does not arise and need not be here considered.

In our opinion, the plaintiff made such a showing at the trial as entitled him to a submission of the case; and accordingly the judgment must be reversed and the cause remanded. All concur.