CITY OF LOUISIANA v. W. K. LANG, Appellant.

Division One, June 28, 1913.

1. JURISDICTION: Constitutional Question: How Preserved. Where there is in the record no reference to either the State or Federal Constitution or to any Federal statute or question whatsoever, the Supreme Court has no jurisdiction upon any of those grounds.

2. ———: ———: Refused Instructions. Federal questions must not only be timely raised, but, to confer jurisdiction on the Supreme Court, must be preserved for review. Where the instructions given are not preserved they are presumed to have covered the case, and refused instructions cannot, in such circumstances, be reviewed, and, consequently, afford no basis for retaining jurisdiction on constitutional or Federal grounds.

3. ———: Political Subdivision of State Not a Party. The city of Louisiana is not a political subdivision of the State within the meaning of section 12, article 6, of the Constitution, giving jurisdiction to the Supreme Court in cases to which a political subdivision of the State is a party.

Appeal from Louisiana Court of Common Pleas.— *Hon. David H. Eby,* Judge.

Transferred to the St. Louis Court of Appeals.

*D. A. Ball* for appellant.

*James E. Pew* for respondent.

BLAIR, C.—A jury in the Louisiana Court of Common Pleas assessed a penalty of fifty dollars

against defendant for violating an ordinance of the city of Louisiana which prohibits itinerant merchants from plying their vocation in that city without license. On the trial there was evidence tending to support the complaint. The evidence conflicted on the question whether defendant received his supplies from Chicago or St. Louis.

This court has no jurisdiction of this case. The demurrer to the complaint and the objection to the

**Jurisdiction: Constitutional Question: How Preserved.** reception of any evidence were both put upon the simple ground that the complaint "stated no cause of action." Neither those nor the demurrers to the evidence, offered at the close of the

plaintiff's evidence and at the close of all the evidence, raised any constitutional or Federal question. [Lohmeyer v. Cordage Co., 214 Mo. 685.] There is not in the record any reference, direct or indirect, to either the State or Federal Constitution or any Federal statute or question whatsoever. No claim of any right under any or either of these, so far as the record shows, was set up in the trial court at any time or in any fashion.

**Refused Instructions.** The argument here seems to assume that a question sufficient to confer jurisdiction on this court was involved in the ruling refusing instructions asked as follows:

"The court instructs the jury that if they believe from the evidence in the cause that the defendant, W. K. Lang, selling goods, wares and merchandise such as coffee, teas, etc., as has been given in evidence, and that the same were shipped from Chicago to the defendant and by him sold and distributed, then your verdict should be for the defendant."

"The court instructs the jury that if you believe from the evidence in the cause that the goods, wares and merchandise, such as coffee, teas, etc., as sold by defendant W. K. Lang, were from a house in Chicago,

and that said Chicago house, Jewell Tea & Coffee Company, had a distributing point in St. Louis and Hannibal, one or both, and from there the goods were reshipped to defendant at the distributing point, or shipped from the distributing point to the defendant at the city of Louisiana, then your verdict should be for the defendant.''

After showing the ruling on these proffered instructions, the record states that ''under the instructions of the court the jury returned'' their verdict wherein they assessed defendant's punishment at a fine of fifty dollars.

The instruction in Canton v. McDaniel, 188 Mo. 207, 213, specifically invoked the protection of the Interstate Commerce Act, and in that respect materially differs from those refused in this case. If, however, it could be conceded that under this decision and others (Shewalter v. Railroad, 152 Mo. l. c. 548; Live Stock Commission Co. v. Railroad, 157 Mo. 518; Schwyhart v. Barrett, 223 Mo. l. c. 499; Bank v. Bank, 173 Mo. l. c. 158; Independence to use v. Knoepker & Nagel, 205 Mo. l. c. 341, et seq.) the refused instructions might in some circumstances have constituted an invocation of the protection of some constitutional provision or injected an issue as to the validity of a Federal statute, yet in the state of the record the ruling on these instructions is not here for revision. Federal and constitutional questions must not only be timely and properly raised, but, to confer jurisdiction on this court, they must be preserved for review. In this case the quoted record recital discloses that the trial court submitted the case under instructions, none of which, in form or substance, have been brought here. One of the grounds justifying the refusal of instructions is that their subject-matter is already covered by instructions given. It is presumed the trial court ruled correctly, and the record must affirmatively show the contrary before that court can be

held to have erred. The given instructions not being in the record and not having been excepted to and there being no recital in the record disclosing what they contained or omitted, they are presumed to have covered the case in all its phases, and the refusal of any and all others is justified by that presumption without more. [Long v. Long, 96 Mo. 180; Merrill v. Central Trust Co., 46 Mo. App. l. c. 244.] The refused instructions could not, in the circumstances, be reviewed by this court, and, consequently, afford no basis for retaining jurisdiction. [Ross v. Grand Pants Co., 241 Mo. l. c. 299.]

The City of Louisiana is not a subdivision of the State (Smith v. Sedalia, 228 Mo. 505) in the constitutional sense, and the presence of none of the other conditions conferring jurisdiction is suggested by counsel or the record.

Political Subdivision of State.

The cause is transferred to the St. Louis Court of Appeals. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of Blair, C., is adopted as the opinion of the court. All the judges concur.