CITY OF LOUISIANA, Respondent, v. W. K. LANG, Appellant.

St. Louis Court of Appeals. Argued and Submitted February 2, 1914. Opinion Filed March 3, 1914.

1. MUNICIPAL CORPORATIONS: Prosecution for Violation of Ordinance: Complaint. A complaint, in a prosecution for the violation of a municipal ordinance, which sets out the offense in substantially the words of the ordinance, is sufficient.

2. ———: ———: ———: Jonder of Offenses. A prosecution for the violation of a municipal ordinance being a civil action,

it is proper to join in the complaint a count charging the violation of an ordinance by carrying on the business of an itinerant merchant, without having first obtained a license, with a count charging the violation of another ordinance by soliciting business as a mercantile agent, without first having obtained a license.

3. **APPELLATE PRACTICE: Abstract of Record: Reviewing Instructions.** In order for instructions to be reviewable on appeal, it is essential that they be set out in the abstract of the record.

Appeal from Louisiana Court of Common Pleas.—
*Hon. David H. Eby,* Judge.

AFFIRMED.

*D. A. Ball* for appellant.

*James E. Pew* and *Robt. A. May* for respondent.

(1) By a casual inspection of the complaint on which defendant was tried it will be observed that it does charge the violation of a city ordinance of the City of Louisiana, and therefore, defendant's motion to quash was properly overruled. City of St. Louis v. Bippen, 201 Mo. 528; City of Gallatin v. Fanin, 128 Mo. App. 324. (2) An information for the violation of a city ordinance which substantially follows the language of the ordinance is sufficient. City of De Sota v. Brown, 44 Mo. App. 148; City of St. Joseph v. Harris, 59 Mo. App. 122; City of Mexico v. Harris, 115 Mo. App. 107; City of St. Louis v. Weitzel, 130 Mo. 600; Kansas City v. Zahner, 73 Mo. App. 396. Such a procedure is a civil action and governed by the same rules. City of St. Louis v. Weitzel, supra.

REYNOLDS, P. J.—This action was instituted in the recorder's court of the city of Louisiana, to recover fines against defendant for violation of ordinances of that city, by carrying on the business of an itinerant merchant in that city, without first having ob-

tained a license, and by soliciting business as a mercantile agent within the city, without first having obtained a license authorizing him so to do. The complaint is in two counts, upon different sections of the city ordinance. From a judgment against him in the recorder's court, defendant appealed to the circuit court, where the cause coming on for trial, defendant moved to quash the complaint for the reason that it failed to state a cause of action against defendant in either the first or second counts. This was overruled, defendant excepting. Defendant then filed a motion to compel plaintiff to elect upon which count it would proceed. That was overruled, defendant again excepting. The cause being called for trial and evidence having been introduced, plaintiff dismissed as to the second count. At the close of plaintiff's testimony in the case, defendant interposed a demurrer to the evidence which the court overruled, defendant excepting. At the conclusion of all the evidence in the case, defendant asked an instruction that the verdict must be for him. This was refused, defendant excepting.

It appears from the recital in the abstract that defendant asked certain instructions, all of which were refused by the court, except one to the effect that the jury should find for defendant on the second count. The abstract of the record then recites: "Under the instructions of the court, the jury returned the following verdict," the verdict being set out, which found against defendant on the first count and assessed a fine of $50. Defendant thereupon interposed his motion for a new trial, the first, second and third grounds of which are to the improper admission and exclusion of evidence. The fourth is to the refusal of the court to give proper and legal instructions and proper and legal declarations of law asked by defendant. The fifth is, "Because the court erred in the admission and rejection of testimony and in the giving and refusal of

instructions and declarations of law, all against the objections of defendant at the time.'' The sixth, seventh, eighth and ninth grounds are that the verdict is against the law and the evidence, and the law under the evidence, and should have been for defendant instead of against defendant, and because the court overruled the demurrer to the evidence and overruled the motions heretofore referred to which had been made by defendant. This being overruled and exceptions saved, defendant prayed for and perfected his. appeal to the Supreme Court, apparently upon the ground that there was a right claimed by defendant under the Constitution and laws of the United States which had been denied defendant. The Supreme Court holding that there was no Federal question presented, transferred the cause to our court. [See City of Louisiana v. Lang, 251 Mo. 664, 158 S. W. 1.]

In the light of what is held by the Supreme Court, in its opinion transferring the cause to our court, it does not seem that there is much left in the case for us to decide. It was there held that the evidence in the case tended to support the complaint. While it may be that this is *obiter,* the Supreme Court holding that the case was not within its jurisdiction, on our own examination of the transcript of the evidence, we have reached the same conclusion.

There is a matter decided by the Supreme Court which clearly was within its jurisdiction, and which concludes us, that matter covering a fatal defect in the record. The Supreme Court held that it appeared affirmatively that instructions had been given at the instance of plaintiff, and that those instructions were not in the record. It further held that it might be presumed that they correctly covered the case, and that the instructions asked by defendant were refused because covered by those given. Hence it held that the action of the trial court in refusing defendant's in-

structions which were supposed to present the Federal question, could not be reviewed. We are in like position, in the absence of the instructions given by the court, when we attempt to pass on the case. We cannot tell upon what theory the trial court submitted the case to the jury.

But apart from this, we have concluded to take up the errors assigned as having occurred at the trial, and such errors of record as are open to our examination.

It is urged that the trial court should have sustained the motion to quash the information on the ground that it does not charge any violation of the ordinances of the city. We cannot agree with counsel for appellant as to this. The complaint charges a violation of two sections of the ordinance practically in the language of the ordinance; namely, and in the first count, that on a day named defendant dealt in the sale of goods, etc., not of his own production, by going about from place to place in the city of Louisiana, without first having obtained a license so to do; secondly, and in the second count, on a day named, defendant "did act and solicit business as a mercantile agent," within the city of Louisiana, without first having obtained a license so to do. These charges are substantially in the words of the ordinances and are sufficient. That would be true even in a criminal case and is undoubtedly so in this case, which, while brought to recover a fine, is a civil action. [City of St. Louis v. Weitzel, 130 Mo. 600, 31 S. W. 1045; King City v. Duncan, 238 Mo. 513, l. c. 518, 142 S. W. 246.]

Defendant's motions to compel plaintiff to elect upon which count it would prosecute, were properly overruled. Treating this as a civil action, it was not improper to join in the same petition or complaint two or more causes of action, as here the violation of two different provisions of the ordinances of the city of Louisiana.

Turning to the evidence in the case, it cannot be said that there was a total failure. As said by the Supreme Court in this same case, the evidence conflicted on the question of whether defendant received his supplies from Chicago or from St. Louis. The city claimed that he received them from St. Louis, and receiving them on orders which he had solicited in the city of Louisiana, the goods consigned to him there, that he afterwards distributed them to the parties from whom he had taken orders. Defendant, on the contrary, claimed that these goods came to him direct, via St. Louis, it is true, but direct from Chicago. Hereon rests his claim that his business pertained to interstate commerce, and that the ordinance was invalid. That phase of it is disposed of by the Supreme Court as before noted. But as questions of fact, where the goods came from, defendant's connection with the sales, how he sold them, these were questions for the jury, and the finding of the jury on them is conclusive here.

It is argued that the court erred in submitting the case to the jury without instructing it as to the law of the case. We cannot say whether the instructions which the court gave failed in this, as those instructions are not before us.

Finding no reversible error in the record, the judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.