## SOUTHERN MISSOURI AND ARKANSAS RAILWAY COMPANY, Appellant, v. GRAVES et al.

### Division Two, May 31, 1904.

EQUITY: Issues Presented By Petition and General Denial: Voluntary Conveyance. The petition alleged that plaintiff, for valuable consideration, had bought certain lands from defendants, and that they had signed a deed for the same but refused to acknowledge it, and ended with a prayer "that the court hear evidence as to the matters herein stated and decree the execution of said deed in order that it may be placed upon the proper land records." The answer was a general denial. *Held*, that the burden was on plaintiff to show that the deed was voluntary and executed in such manner as would warrant the special decree prayed for, and hence it was competent for defendants, under their general denial, to show as a defense, but not for the purpose of obtaining affirmative relief, that the deed was obtained by threats, false promises and fraudulent representations, and plaintiff's prayer invited such defense.

Appeal from Ripley Circuit Court.—*Hon. Jas. L. Fort,* Judge.

AFFIRMED.

*E. H. Seneff* and *James Orchard* for appellant.

(1) If a deed expresses a consideration, the grantor is estopped to deny that the title has passed, whether the consideration is paid or not, and no use can be raised in him. Bobb v. Bobb, 7 Mo. App. 501. (2) Inadequacy of consideration will not vitiate a convey-

ance which is otherwise good. Novelty Mfg. Co. v. Pratt, 21 Mo. App. 171. And it is no objection to the validity of the deed that the consideration expressed is only one dollar. Railroad v. Green, 68 Mo. 169. (3) Acknowledgment is not necessary to the validity of the deed as between the parties, the purpose of the acknowledgment is to make the deed admissible to record. Louisville v. Greene, 165 Mo. 308. (4) Answer being a general denial, that the contract sued on was invalid by reason of some extrinsic matter can not be shown under a general denial. Meier v. Gamble, 81 Mo. App. 410. (5) Where fraud, deceit or false representations are relied on as a defense they must be pleaded; neither defense can be invoked under a general denial. Hoester v. Sammelmann, 101 Mo. 619; Wood v. Evans, 43 Mo. App. 230; Mateer v. Railroad, 105 Mo. 320; Clough v. Holden, 115 Mo. 336.

*A. J. McCollum* and *C. D. Yancy* for respondents.

FOX, J.—This is an appeal from a judgment dismissing the bill of appellant, praying for a decree of the execution of a deed.

The petition, upon which this action is based, is as follows:

"The petitioner herein, the Southern Missouri & Arkansas Railroad Company, respectfully represents that it is a corporation duly organized under the laws of the State of Missouri with full power to acquire lands for railroad purposes. That the defendants, Julia E. Graves and Louisa E. Graves, are residents of Ripley county, Missouri. That on August 6, 1901, the defendants herein, for a consideration, made, executed and delivered to the petitioner a deed of indenture by which they granted, bargained and sold to petitioner, right of way one hundred feet wide, through several parcels of land located in Ripley county, Missouri, which deed, on the trial of this cause, will be exhibited to the court.

That the defendants, though requested thereunto, have refused to appear before an officer and acknowledge execution of the same at the expense of the petitioner.

"Wherefore, the premises considered, petitioner prays that the court hear evidence as to the matter herein stated and decree the execution of said deed in order that it may be placed upon the proper land records and render judgment herein for costs."

The answer of the respondents was a general denial.

The testimony in this cause, as disclosed by the record, shows that this deed was procured without any consideration whatever. The evidence is conflicting as to the representations and statements made by the claim agent, in procuring the signatures of the respondents to the deed involved in this suit.

The claim agent of appellant testified that the execution of the deed was free and voluntary. The memory of Mr. Dowles, another witness, as to what actually occurred, seems to be defective in some particulars. His testimony tends to corroborate Mr. Deese, the claim agent. On the other hand, the testimony of respondents tends very strongly to show that the execution of the deed was procured by means not fully in keeping with fair dealing. The testimony of one of the respondents, and her testimony is corroborated to some extent by another witness who has no interest in the land, shows that Mr. Deese, the claim agent of the plaintiff, and presumably from the position he occupied, a shrewd and competent business man, went to the residence of respondents, represented that the railroad would greatly increase the value of their land; that unless they gave the appellant the right of way, suit would be brought; that respondents would be compelled to employ a lawyer and in the end would get nothing, and have to pay the costs. Counsel for appellant concede that there was testimony tending to show that the deed was not freely and voluntarily executed by respondents. This concession is thus stated in the brief of appellant: "There was

some evidence that the deed was procured by false and fraudulent representations and by threats and intimidation; this evidence was given by the respondents, but the evidence of J. H. Deese and Dowles who were there, and Deese, the claim agent, made the contract, goes to show that such was not the case.''

It further appears that sometime after the execution of the deed, appellant sent an officer to take the acknowledgment of respondents and they refused, on the ground that it was not their free act and deed. This is a sufficient statement of the facts to enable us to determine the legal propositions involved.

At the conclusion of the testimony the court dismissed the bill and from this judgment of dismissal plaintiff appealed.

## OPINION.

The testimony in this cause fully justified the chancellor in refusing to decree the execution of the deed as prayed for in the bill.

The only question presented to our consideration is that of the sufficiency of the pleadings to admit of the hearing of the testimony.

It is urged by appellant that the court erred in admitting the testimony of the respondents, tending to show that the execution of the deed was induced by threats and promises, as well as false and fraudulent representations, because the answer was simply a general denial, and that the evidence introduced was not predicated upon any pleading in the cause.

Ordinarily the contention of appellant is correct, that the pleading must be the basis of the introduction of evidence, and a special defense to a cause of action must be pleaded, to authorize the introduction of testimony in support of them. It is important in the application of the rule invoked by appellant, to consider the nature of the action, as well as the relief sought. It will

be observed that this is not an ordinary action to determine the rights and interests of the parties in the land designated in the deed; but is an application to a court of equity to decree the execution of the deed, to the end that it might comply with the registry laws in respect to conveyances of lands, and entitle it to a place upon the proper land records. In other words, plaintiff in this suit is asking a court of equity to supply the absence of an acknowledgment of an instrument of this character to entitle it to be recorded.

The bill proceeds upon this theory: It alleges the execution of the deed; that it was for a consideration; and its prayer is, ''that the court hear evidence as to the matter herein stated and decree the execution of said deed, in order that it may be placed upon the proper land records.''

The allegation in the petition, as applicable to the relief sought in this proceeding, that the deed was executed by respondents, includes the fact of its execution in such a manner and under such circumstances as would authorize the court to decree its execution, and as to whether the execution of the deed was in the manner which authorized the relief sought, is clearly put in issue by a general denial.

It is fundamental that the acts of the parties in executing deeds must be free and voluntary before a court of equity would be authorized in granting the relief sought by this action. Plaintiff sought relief in a court of equity; invited the court to hear testimony in respect to the subject before it, and when testimony is offered as to the conditions surrounding the transaction, it is met with the objection that it is incompetent, because there is no pleading authorizing it. This objection was properly overruled.

The burden in this character of action, to show that the deed was executed in such manner as would warrant the special decree prayed for, rests upon the plaintiff,

and a general denial put in issue all the facts, as well as the right to the relief sought.

If this suit involved the adjudication of the right or title to the lands in controversy, and respondents were undertaking to set aside the deed, by asking such affirmative relief in their answer on the ground of fraud or false representations, beyond question the pleading would have to contain appropriate allegations in respect to such defense. But that is not this case; while this proceeding technically does not ask the court to compel the respondents to acknowledge the deed, the results of the relief prayed for would practically accomplish the same purpose.

The chancellor had all the parties before him, he had opportunities to judge of the witnesses that are not afforded this court, and to his conclusion due deference must be given.

The judgment is affirmed. All concur.