GRAVES et al., Respondents, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, appellant.

St. Louis Court of Appeals, June 30, 1908.

1. **DEEDS: Unacknowledged Deed: Collateral Attack.** A deed though unacknowledged is valid between the parties and not subject to collateral attack.

2. ———: ———: **Damages: Fraud in Procuring Deed: Equity.** The grantor in a deed procured by fraud cannot recover against the grantee for appropriating the land covered by the deed, without first having the deed set aside in a proper proceeding.

3. **PLEADING: More than One Cause of Action Stated in One Count: Objection to Evidence.** In an action for damages where plaintiff claimed in one count the rental value of a tract of land for four different years of which he was deprived by the acts of defendant in causing the same to overflow, stating the damage for each year separately, the defendant could not object to the introduction of evidence on the ground that more than one cause of action was stated in one count.

4. **NUISANCES: Damage: Grantee of a Party Erecting Nuisance.** Where a railroad company erected an embankment which caused surface water to accumulate and become a nuisance to a property owner, the grantee of such railroad company would not be liable for the erection of such nuisance, though it would be liable for its maintenance after notice.

5.  **PLEADING: Separate Statement of Each Cause of Action: Referring to Other Counts.** In an action containing several counts, one count of which referred to other counts for statement of matter essential to the cause of action, and such matter was not common to all the counts of the petition, such count failed to state a cause of action and a demurrer to the evidence upon such count should have been sustained.

6.  **PRACTICE: Verdicts: Separate Finding.** Where a jury found for plaintiff on several counts of his petition, stating the amount found in each count, this was sufficient though it was all incorporated in one verdict over the single signature of the foreman.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. F. Evans* and *James Orchard* for appellant.

(1)   Where the deed expresses a consideration, the grantor is estopped to deny the title passed whether the consideration is paid or not, and no use can be raised in the grantor.   Bobb v. Bobb, 7 Mo. App. 501.   An acknowledgment is not necessary to the validity of the deed as between the parties.   The purpose of the acknowledgment is to make the deed admissible to record.   Louisville v. Greene, 165 Mo. 308.   (2)   As to the second count in plaintiff's petition, defendant's objection to the introduction of testimony should have been sustained, for the reason that said second count fails to state a cause of action, it being an action in trespass, and the trespass, if any, is alleged to have been committed by the Southern Missouri & Arkansas Railroad Company, and not by the defendant.   In the absence of any showing that the defendant when it purchased the road from its predecessor agreed to pay all damages then outstanding against the grantee, it is not liable.   Burge v. Railroad, 100 Mo. App. 460.   (3)   Defendant's objection to the introduction of any testimony on the third count of plaintiff's petition should have been sustained, as the

said count fails to state a cause of action against this defendant, and for the further reason that four different causes of action are stated in the count. Where there is damage to crops, each year constitutes a separate cause of action, and an objection to the introduction of testimony is a demurrer to the petition. Offield v. Railroad, 22 Mo. 607; Commission Co. v. Davis, McDonald & Davis, 115 Mo. App. 67. (4) The third count in plaintiff's petition is for a nuisance erected by the Southern Missouri & Arkansas Railroad company, the predecessor of the defendant. The purchaser of lands is not liable for damages for the erection of a nuisance on the land before its purchase, but it is only liable for damages caused by the continuance of the nuisance after the purchase and after it has knowledge of the nuisance, but it is not liable for either the erection or the continuance of a nuisance by the vendor before the sale, on adjoining land. Wayland v. Railroad, 75 Mo. 548. The same rule is laid down in Silver v. Railroad, 101 Mo. 91; George v. Railroad, 40 Mo. App. 443.

*C. D. Yancey* for respondents.

STATEMENT.—The petition contains six counts. The first one alleges, in substance, that the Southern Missouri & Arkansas Railroad Company, in the year 1902, without leave, wrongfully entered upon the following-described lands of plaintiffs, situated in Ripley county, Mo., to-wit: southeast quarter of northwest quarter; northeast quarter of southwest quarter and northwest quarter of southeast quarter, section 6, township 22, north of range 4 east, and constructed their roadbed across said land, thereby appropriating 6 1-2 acres of said land to their own use; that tracks were laid upon said roadbed and defendant, the successor of the Southern Missouri & Arkansas Railroad Company, is in the possession of said railroad and operating it over plaintiffs' lands; that no compensation

has ever been paid plaintiffs for the land so appropriated, the value of which, together with the value of its use since so appropriated, being $175, for which sum judgment is asked.

The second count alleges that the Southern Missouri & Arkansas Railroad Company cut down timber growing upon said 6 1-2 acres of land, of the value of twenty-five dollars, and appropriated it to its own use.

The third count alleges that in constructing the roadbed the Southern Missouri & Arkansas Railroad Company threw up embankments on the land appropriated which caused the water to back up on adjacent lands, depriving plaintiffs of their rental value for the years 1902, 1903, 1904 and 1905 inclusive, to plaintiffs' damage in the sum of $72.

The first paragraph of the fourth count states that the Southern Missouri & Arkansas Railroad Company unlawfully and wrongfully entered upon plaintiffs' lands and erected a standard gauge railroad thereon, thereby separating plaintiffs' farm into two tracts, to plaintiffs' damage in the sum of $300. The second paragraph of this count alleges that defendant inclosed its road by a fence on either side and put in such heavy gates at farm crossings on plaintiffs' land that they could not be opened and shut, to plaintiffs' damage in the sum of $300, and though requested to put up proper gates has failed and refused to do so, in violation of section 1105, Revised Statutes 1899. The aggregate of the damages under this count is laid at $600.

The fifth count alleges that defendant has failed and refused to construct suitable ditches through plaintiffs' land for more than three months after the completion of its road, causing surface water to back and stand in barrow pits made by defendant, and upon plaintiffs' land along and adjacent to the road, which water becomes stagnant and emits foul and noxious odors, polluting the air and rendering the locality unhealthy,

whereby the value of plaintiffs' land is depreciated and the health and happiness of plaintiffs impaired to their damage in the sum of $200.

The sixth count is to recover the statutory penalty for defendant's failure to comply with section 1110, supra, by constructing ditches to drain off the surface water caused to accumulate by the fill of the roadbed.

The answer was a general denial of each of the six counts.

The verdict of the jury is as follows:

"We, the jury in the above-entitled cause, find the issues for the plaintiffs as follows, to-wit:

"1.  Under the first count of the petition, for land taken for right-of-way ..............$ 130.00

"2.  Under the second count of the petition for cutting down and taking timber trees........  ————

"3.  Under the third count of the petition for submerging land, loss of rents and profits for the years 1902, 1903, 1904 and 1905, in the sum of $18 yearly ............. .............  72.00

"4.  Under the first paragraph of the fourth count of the petition, damage to whole tract by location of road and cutting farm in twain....  150.00

"Under the second paragraph of the fourth count of the petition, for failing to construct and maintain gates ......... .............  ———

"5.  Under the fifth count of the petition for stagnant water and foul odors ............  100.00

"6.  Under the sixth count of the petition penalty ........ ......... ....... .......  300.00

"Amounting altogether to ........ ....$ 762.00."

A timely motion for new trial proving of no avail, defendant appealed.

Plaintiffs' evidence tended to prove the allegations of each of the six counts of the petition. Defendant, over plaintiffs' objections, read in evidence a signed but

unacknowledged deed from plaintiffs, dated August 6, 1901, purporting to convey to the Southern Missouri & Arkansas Railroad Company a right of way through the lands described in the petition. This deed recites a consideration of one dollar, but the proof shows no consideration whatever was paid. Defendant's evidence tends to show that there is no natural drainage to which surface water on plaintiffs' land can be conveyed by lateral ditches, should they be constructed along defendant's road, and that the roadbed does not have the effect of causing surface water to back up on plaintiffs' land but serves to protect it from the overflow of Little Black river.

BLAND, P. J. (after stating the facts). 1. The objection interposed to the admission of the deed in evidence was a decision of the Supreme Court in the case of the Southern Missouri & Arkansas Railroad Company against plaintiffs herein (182 Mo. 211). The purpose of that suit was to compel the plaintiffs to acknowledge the deed. The circuit court denied the relief and the Supreme Court affirmed the judgment, on the ground that the evidence tended to show the signatures of plaintiffs to the deed were obtained through false and fraudulent representations. The defendants (plaintiffs here) did not ask for affirmative relief and hence the deed was not cancelled.

In its instructions on the first count of the petition (asking damages for the value of the land) the court ignored the deed and instructed the jury if they found the land had been taken and appropriated by defendant, and plaintiffs had not been compensated therefor, to find for them and assess their damages at the value of the land so taken and appropriated for railroad purposes. Defendant, on this and on all other counts of the petition, offered a demurrer to the evidence. Defendant contends that the deed is valid between the parties, and plaintiffs

are estopped to deny it was given without consideration. The deed, though unacknowledged, is valid as between the parties (Genoway v. Maize, 163 Mo. 224) and imports a valid consideration and is not open to collateral attack. If a stipulated price had been agreed upon and defendant had failed to pay the agreed price, plaintiffs, on a proper pleading, might have recovered the agreed price, but nothing of that kind was pleaded or proved. Plaintiffs may, in an appropriate proceeding, have the deed set aside and cancelled and then recover the value of the lands appropriated for railroad purposes and the damages, if any, caused thereby, but until this is done, they cannot recover on the first count in the petition.

2. On the second count plaintiffs did not recover anything.

3. Defendant objected to the introduction of any evidence on the third count for the reason four separate and distinct causes of action (rental value of six acres of overflowed land for four separate years) are stated in one count. The contention is that this objection was a demurrer to the petition and should have been sustained. This would be so if the count had wholly failed to state a cause of action, but it does not reach the objection that several causes of action are blended in one count of the petition, if they are so stated as to be severable. The rent for each year is stated separately, that is, it is itemized, so that defendant could not have been prejudiced by this pleading, even if we concede (which we do not) that more than one cause of action is stated in the third count.

4. In respect to the first paragraph of the fourth count, on which plaintiffs recovered $150, it is contended that plaintiffs are estopped to recover, by their deed conveying the right of way to the Southern Missouri & Arkansas Railroad Company. As stated above, until set aside for fraud, the deed, though not acknowledged, is

good as between the parties thereto, and as it expresses a consideration, though it be inadequate, the equitable title to the right of way passed, and plaintiffs are estopped to recover consequential damages caused by the construction of the railroad on the right of way conveyed by them.   [Bobb v. Bobb, 7 Mo. App. 501; Railroad v. Green, 68 Mo. 169; Novelty Mfg. Co. v. Pratt, 21 Mo. App. 171.]   The judgment on the first paragraph of the fourth count of the petition is reversed.

5.   The fifth count is for damages resulting from the erection and maintenance of a nuisance.   The petition shows that the Southern Missouri & Arkansas Railroad Company, not defendant, erected the nuisance.   The evidence tends to show that the nuisance is caused from stagnant surface water accumulating in the barrow pits made in the construction of the roadbed by the Southern Missouri & Arkansas Railroad Company, the grantor of defendant, therefore, defendant is not liable for the erection of the nuisance, but is liable for its continuance after receiving notice of it, if such notice was received. [Wayland v. Railway, 75 Mo. 548; Silver v. Railway, 101 Mo. 79, 13 S. W. 410.]   The instruction on this count held defendant liable for both the erection and continuance of the nuisance.   This, we think was error and reverse the judgment on this count and remand the cause as to said count for new trial.

6.   The sixth count of the petition is as follows:

"For a sixth and further cause of action against the defendant, the plaintiffs state that because of the neglect, failure and refusal of the defendant to construct and maintain suitable ditches and drains along each side of its roadbed, to connect with ditches, drains or watercourses, so as to afford sufficient outlet to drain or carry off the water along such railroad, whenever such water has been obstructed or such drainage has been rendered necessary by the construction of such railroad, resulting directly to the damage of these plaintiffs, as is

fully stated in the third and in the fifth counts of this petition, these plaintiffs are entitled to recover the penalty of five hundred dollars, provided by the section 1110 of the Revised Statutes of Missouri of 1899, for the violation of said section, and for the failure, neglect and refusal of the defendant to perform its duty thereunder.

"Wherefore the plaintiffs pray for judgment for the sum of five hundred dollars for penalty under section 1110, aforesaid, with costs."

The point is made by defendant that this count fails to state a cause of action and for that reason its demurrer to the evidence on said count should have been given.  It will be observed that to make himself understood, the pleader referred to the third and fifth counts of the petition and attempted by a mere reference to these counts to bring allegations therein, essential to the statement of a cause of action, into the sixth count; in other words, the pleader attempted to state a cause of action by reference to statements in other causes of action stated in separate counts of his petition.  The statute (section 593, Mo. Ann. St. 1906) provides that when different causes of action are stated in one petition, they "must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligently distinguished."  It has been held that where allegations that are common to all the counts are clearly stated, they need not be repeated, but a reference to them in succeeding counts will suffice.  This would apply to the allegation, that defendant company bought the road of the Southern Missouri & Arkansas Railroad Company and thereafter operated it; nor is it necessary to repeat mere matter of inducement but each count must contain all the allegations necessary to the statement of a cause of action.  [Boeckler v. Railway, 10 Mo. App. 448.]  The allegation in respect to the failure of defendant company to construct drainage ditches is not common to all the counts of the petition, nor to the

second or third count, hence it was essential that plaintiffs state in the sixth count of the petition, that the construction of the roadbed obstructed the natural flow of surface water; that there were ditches, drains or natural watercourses into which such obstructed surface water could have been conveyed by lateral ditches constructed along the sides of the roadbed; that defendant failed to construct such ditches, causing plaintiffs' land to be overflowed by obstructed surface water and resulting in damages. [DeLapp v. Railroad, 69 Mo. App. l. c. 573.] We think the demurrer to the evidence on the sixth count should have been sustained.

7. Defendant contends that there should have been a separate verdict, signed by the foreman, on each count of the petition. The law requires a separate finding and assessment of damages by the jury on each count of the petition, which may be and is generally done in one verdict, over the signature of the foreman. Such a verdict is, in effect and in law, a separate verdict on each count of the petition, and the validity of the verdict so found is not affected by the fact that at the end of the verdict the gross amount of the damages is stated. The judgment is reversed and remanded with directions that the court retain the verdict on the third count of the petition and permit plaintiffs to amend the sixth count if so advised. **All concur.**