THEODOSIA WALLACE PLEADWELL et al., Appellants v. MISSOURI GLASS COMPANY, Respondent.

St. Louis Court of Appeals. Argued and Submitted October 3, 1911. Opinion Filed November 7, 1911.

1. **APPELLATE PRACTICE: Theory at Trial: Binding Effect.** In actions at law, parties are bound in the appellate court by the theory they assumed in the trial court, even though such theory was not properly presented by the pleadings.

2. **LANDLORD AND TENANT: Special Taxbills: Action by Landlord to Recover Special Assessment Paid: Pleading: Evidence.** In an action by devisees of a lessor against the lessee to recover a special assessment against the property, which had been paid by them, on the ground that the lessee was bound to pay it, allegations in the petition concerning the institution of the proceedings for the assessment, their result, and that by reason thereof the premises involved became subject to the assessment and that it became and was a charge and claim against the premises, were sufficient to admit evidence of all the steps taken in the course of the proceedings.

3. **APPELLATE PRACTICE: Theory at Trial: Binding Effect.** Where an action by devisees of a lessor against the lessee to recover a special assessment against the property paid by them,

on the ground the lessee was bound to pay it, was tried in the trial court and presented in another appellate court, to which the case was erroneously transferred, on the theory that notice by publication was given as required by ordinance, that a benefit district was fixed, and that the property was included therein, defendant will not be heard to claim in the appellate court having jurisdiction of the appeal, where the case was subsequently heard, that a judgment in its favor should be affirmed for the reason the petition did not plead nor the evidence show that such notice by publication was given, that a benefit district was fixed, or that the property was included therein.

4. **LANDLORD AND TENANT:** Special Taxbills: Action by Landlord to Recover Special Assessment Paid: Evidence: Explaining Legal Terms. In an action by devisees of a lessor against the lessee to recover a special assessment against the property, which had been paid by them, on the ground the lease required the lessee to pay all taxes, whether general or special, evidence tending to show that the term "special tax" was generally understood by lessors and lessees to cover an assessment in a street-widening action was inadmissible, since that term has a well-defined, legal meaning; but the admission of such testimony, under the facts of the case, is *held* harmless error.

5. **APPELLATE PRACTICE:** Theory of Parties: Binding Effect: Treating Facts as in Evidence. Where the judgment in the trial court was for the defendant, and on appeal by the plaintiff, the defendant, in order to uphold the judgment, makes points necessarily predicated on certain ordinances which the court erroneously refused to receive in evidence when offered by plaintiff, and it is apparent that the trial court considered them in making its finding, there is no necessity for reversing the judgment and remanding the cause for retrial to permit such ordinances to be introduced, but the appellate court may consider them as in evidence and then render such judgment on the record as ought, of right, to be rendered.

6. **LANDLORD AND TENANT:** Special Taxbills: Action by Landlord to Recover Special Assessment Paid: Judgment Rendered for Plaintiff on Appeal: Appellate Practice. In an action by devisees of a lessor against the lessee to recover a special assessment against the property paid by them, on the ground that the lessee was bound to pay it, a judgment in favor of defendant *held* to be erroneous, and such judgment is reversed and the cause is remanded with directions to the trial court to enter judgment for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. L. Hornsby* for appellants.

*P. R. Flitcraft* and *Klein & Hough* for respondent.

REYNOLDS, P. J.—This is an action by the devisees of the then owner and lessor of certain premises in the city of St. Louis, against the lessee, to recover of the lessee the amount paid out by them on a certain tax-bill alleged to have been levied and assessed against those premises, which it is alleged that plaintiffs had paid but which they claim the lessee was obligated to pay under a covenant of the lease, that the lessee, its successors, etc., "agrees to pay all taxes, whether general or special, levied or assessed against said property, or the improvements thereon during said term." The cause was originally appealed to this court from a judgment of the circuit court of the city of St. Louis against plaintiffs, appellants here. It was transferred to the Springfield Court of Appeals in accordance with the provisions of an Act of the General Assembly of this state, approved June 12, 1909, now section 3939, R. S. 1909; was there argued and submitted and the judgment of the circuit court reversed and the cause remanded. The Supreme Court subsequently declared the act of the Legislature above referred to unconstitutional and held that the Spingfield Court of Appeals had no jurisdiction in causes so transferred, even when those causes had been submitted to that court by the respective parties. [See State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336; State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Malley v. Nixon, 233 Mo. 345, 138 S. W. 342.] This case was accordingly sent back to this court by the Springfield Court of Appeals and is now submitted to us on briefs and oral arguments by counsel for the respective parties.

In his oral argument before us the learned counsel for respondent very frankly admitted that all points covered by the opinion of the Springfield Court of Appeals were out of the case and that unless the point which he proposed to present to us was tenable, there was nothing remaining in the case for controversy or discussion. That counsel thereupon presented the case to us on these propositions: First, that the amended petition and the evidence of plaintiffs were fatally defective, in that publication of the notice which the ordinance of the city requires the city counselor to give in such proceedings, was neither averred in the petition nor proven by any evidence in the case. Second, that it nowhere appears in the record what the benefit district was which was fixed by the commissioners or that the premises here involved were within that district. Claiming that these omissions are fatal to plaintiffs' case, inasmuch as it then stood as one of a voluntary payment by plaintiffs of a special taxbill which was not valid and which was no lien against the property, it is now contended that plaintiffs must fail in their effort to saddle their mistake upon defendant. Necessarily, therefore, counsel challenges the statement made by Judge Cox in his opinion, to the effect that "notice was given by publication, as provided by the city ordinances, and was sufficient," counsel claiming that this statement is not justified by the averments of the petition or by the evidence. That counsel further, and for the same reason, challenges the statement of Judge Cox, to the effect that a benefit district was established, "which district included the property covered by the lease aforesaid." Beyond these, no objection is made to the statement of facts made by Judge Cox.

In the light of this very frank concession of counsel, it is unnecessary for us to enter into a detailed statement of the facts in the case, and it is sufficient to refer to the opinion of Judge Cox, as reported in 151 Mo. App. 51, 131 S. W. 941.

We will therefore confine ourselves to an examination of the above points, as now made by counsel for respondent in his brief and oral argument.

We might dispose of the contention now made by the learned counsel for respondent who argued the case before us, by saying that it not only comes too late but that it is entirely contrary to the theory upon which the case was tried in the circuit court. It is not necessary to cite cases in support of the rule that parties, in actions at law, are bound by the theory they assumed in the trial court. Nor can a party lie by and, trying a case apparently on one theory, spring a vital point and endeavor to introduce an entirely new line of defense, for the first time in the appellate court, even though such theory was not properly presented by the pleadings. [Nicket v. St. Louis, M. & S. R. Co., 135 Mo. App. 661, 116 S. W. 477; Mitchell v. United Rys. Co., 125 Mo. App. 1, 102 S. W. 661.]

But as counsel has challenged the statements of fact above quoted from the opinion of Judge Cox, we think it not improper to go into the matter a little more fully.

We have read the whole transcript of the record in this case, as well as the printed briefs and arguments of counsel for the respective parties, together with the motion filed by counsel for appellants for a modification of the judgment, the memorandum of counsel for respondent in opposition to that, the reply of counsel for appellants to that memorandum, the motion for rehearing filed by counsel for respondent, and the memorandum of counsel for appellants in answer to that motion. These were all originally filed with the Springfield Court of Appeals. In the trial of the case in the circuit court, respondent was represented by P. B. Flitcraft and Jacob Klein, Esquires, both former judges of the circuit court of the city of St. Louis and both since deceased. As will be observed by the summary which Judge Cox makes of the pleadings in the case, while it

is true that there is no specific averment that the city
counselor had issued the notice required by the city
ordinance, or that the commissioners had designated
the district to be assessed, or that this particular parcel
was within that district, it is averred substantially that
the charter and ordinances had been complied with in
assessing the benefits and issuing the taxbill.  In point
of fact the petition distinctly avers the institution of
the proceedings, their result and that by virtue of the·
proceedings the premises involved became subject to
the. special tax and that it became and was a charge
and claim against those premises.  This was sufficient
to let in evidence of all the steps taken in the course of
the proceeding.  As was said by Judge ROMBAUER,
speaking for this court in Lucas v. McCann, 50 Mo.
App. 638, l. c. 641, an action on special taxbills: "We
know of no rule of pleading, that requires the plaintiff
in an action of this kind to set out the evidentiary facts
that go to show the validity of the tax or assessment."
Moreover, the trial was conducted upon the very dis-
tinct theory by counsel, as well as by the court, that
these were established or conceded facts in the case.
No one can read the transcript of the proceedings at
the trial and arrive at any other conclusion.  At the
very beginning of the trial, defendant's counsel ob-
jected to the introduction of any evidence in the case
on three distinct grounds.  Reading these over, there
is not a suggestion in any of them that the petition was
defective for want of the allegations now referred to by
counsel for respondent.  The trial proceeding, plain-
tiffs offered in evidence the original proceedings for
the widening of Twelfth street.  The transcript then
sets out that for the purpose of shortening the record
and with the understanding that the statement of facts
was not to be taken as an admission that the facts were
competent or admissible in evidence against defendant,
the facts were admitted subject to defendant's objec-
tion.  Among these facts so agreed upon as in the case

are the institution of the proceedings for the widening
of Twelfth street; the appointment of the commis-
sioners; that the commissioners afterwards ascertained
and determined the value of the property proposed to
be taken for the widening of Twelfth street, "and did
assess against the city of St. Louis the amount of
benefit to the public generally, and did assess the bal-
ance against the owner or owners of all the property
which in their opinion was especially benefited by the
said widening of Twelfth street, and did thereafter file
their report in the said circuit court; that in and by
said report said commissioners did assess against
Marie E. Patterson, who was then the owner of the
real estate described in plaintiffs' petition, the sum of
$2402.50, which amount the said commissioners by
their said report did state that they believed to be the
proportionate part or pro rata of the balance of the
benefits against the city of St. Louis, but assessable
against the owner of said real estate described in plain-
tiffs' petition.'' It was further admitted that the cir-
cuit court after due report of the result of the action of
the commissioners to the Municipal Assembly of the
city of St. Louis for its consideration and approval and
after the Municipal Assembly had approved the same,
made an order and judgment, "whereby the report of
said commissioners was in all things approved, con-
firmed and held firm and effectual forever.'' If counsel
for respondent had any objection to the proceedings in
the circuit court for lack of notice by the city counselor,
or of designation of the district, or that the premises
were not in that district, then was the time to make it.
They not only made no such suggestion, but their ac-
tion throughout the trial shows conclusively that it was
assumed by them, as well as by the court, that every-
thing connected with the levying of this assessment
against appellants' devisor, Mrs. Patterson, was regu-
lar and in due form of law, the only questions reserved
being questions of law which were fully stated and set

out at the trial. In none of them is any suggestion made that averment or proof was lacking of publication by the city counselor, or designation of a district, or that these premises were not in the district.

The same points which had been made in the circuit court, were reiterated when the case was briefed by counsel for respondent in the Springfield Court of Appeals, namely: First, that the assessment made against Mrs. Patterson in the proceedings for the widening of Twelfth street, is not "a special tax," within the meaning of the covenant in the lease. Second. The assessment made was not "a special tax," levied or assessed against the demised premises, it being contended that under the provisions of the charter, no authority exists for an assessment against the property but that it must be against the owner. Third. That oral evidence was not admissible for the purpose of including an assessment under the designation of "special taxes," because these words have a definite signification under the provisions of the charter of the city of St. Louis. Fourth. The lease containing the covenant sued on having expired by limitation before the death of Mrs. Patterson and before plaintiffs acquired any title to the premises and before the money was paid by plaintiffs, and for the recovery of which this suit is brought, plaintiffs cannot recover. Fifth. Plaintiffs being under no legal obligation to pay the amount of the "so-called special taxbill" against Mrs. Patterson, the payment was voluntary. Sixth. If the taxbill which is the subject of the action can be called "a special taxbill," then action on it is barred by the two-year statute. Seventh. The right of action for the breach of the covenant was complete in Mrs. Patterson and no new right of action arose in favor of plaintiffs when they voluntarily paid the money four years after the right of action had accrued, and respondent claims that the right of action was barred in three years. The brief and argument, filed in the Springfield Court of

Appeals, was signed by Messrs. Hough, Hough & Walker, P. R. Flitcraft and Klein & Hough, and the counsel who argued the case before us was a member of both of these firms. It will be noticed that there is not a suggestion of the proposition now made to us by that learned counselor, and the high standing and great ability of all the counsel who have and who have had charge of the case, is sufficient warrant for saying that if any one of them had, at the trial, or when the cause was before the Springfield Court of Appeals, for a moment considered that the questions of notice by the city counselor or of designation of the district or of the premises being in that district, were not in evidence in the case, surely such vital facts, lying at the very foundation of plaintiffs' right to recover, would not have been overlooked by them. Their whole argument before the Springfield Court of Appeals proceeds on the theory that all steps necessary to levying this tax had been taken; their contention there being, as at the trial, that the tax assessed and paid was not a special tax; that a proceeding for widening of streets did not fall within the charter provisions, or the provisions of the ordinance of the city of St. Louis for opening or improving streets, as well as on the other points above noted. That was the whole contention in the case which has heretofore been made.

After the rendition of the judgment by the Springfield Court of Appeals, counsel for respondents filed a motion for rehearing. That motion is signed by Hough, Hough & Walker, as attorneys for respondent. There is not a suggestion in the motion for rehearing that Judge Cox, in stating the facts, had been in error in saying that notice was given by publication as provided by the city ordinances and was sufficient, or in saying, in effect, that the benefit district was established, "which district included the property covered by the lease aforesaid." The motion for rehearing pro-

160 App.—38

ceeded entirely upon other grounds. It was overruled. Counsel for appellants filed a motion for modification of the judgment of the Springfield Court of Appeals, in opposition to which counsel for respondent submitted a written memorandum. In none of these papers is there any suggestion of this point. So that it conclusively appears that this vital point, now made before us by counsel for respondent, was not only never made at the trial nor in the Springfield Court of Appeals, but that the case was tried by both parties on a theory entirely inconsistent with the theory now advanced by counsel for respondent, and is not sustained by the record.

We therefore hold that Judge Cox, when speaking for the Springfield Court of Appeals, was entirely within the record when he said that notice was given by the city counselor by publication, as provided by the city ordinance, and was sufficient; that the benefit district was established and that that district as established included the property covered by the lease and now in controversy.

Recurring to the opinion of Judge Cox, supra, l. c. 58, when he refers to the admission by the circuit court of oral testimony tending to show that the term ''special tax'' was generally understood by the lessors and lessees of the property in the city of St. Louis to cover a benefit assessment in a street widening action, it is to be noted that he says that in the judgment of the Springfield Court of Appeals this oral testimony should not have been admitted. We add our own concurrence with this. Inasmuch as this ruling of the circuit court was apparently based upon what is said by this court in Thomas v. Hooker-Colville Pump Co., 22 Mo. App. 8, l. c. 11, and cases following that, we take occasion to say that if that is the correct interpretation to be put upon what is there said on this matter, we do not agree to it. The term ''special tax'' has a well defined, legal

meaning, and oral testimony to explain that meaning was inadmissible.

We also agree with Judge Cox in his opinion that the admission of this testimony, under the facts in this case, was harmless error.

Apparently the Springfield Court of Appeals remanded the case for a new trial because of the exclusion from evidence of certain sections of the ordinances of the city of St. Louis. These ordinances were relevant and competent and should have been admitted in evidence, but it is impossible to believe that notwithstanding the action of the learned trial court in excluding them, that he disregarded them. In giving the declaration of law which that learned judge gave of his own motion, he distinctly finds and declares as a matter of law that the assessment was a special tax within the meaning of the covenant to pay taxes. He could not have so found without consideration of the sections of the ordinance which were excluded. Learned counsel for respondent, in the very argument he has made before us, most distinctly recognizes those sections of the ordinance as being in evidence in the case. He cites and quotes them. Without them, he has no standing whatever to make the objection which he now makes. That is to say, with those ordinances not in evidence in the case, there is no foundation for the argument now made before us by counsel for respondent, that it was the duty of the city counselor to publish a notice and of the commissioners to designate a benefit district. We therefore deal with this case as if those provisions of the municipal ordinances were in evidence and were so considered and acted upon by the trial court. In that view of it, we hold that the judgment of the circuit court in favor of defendant was wrong. We hold that the conclusions of law as stated by Judge Cox in the opinion heretofore referred to, are correct. We differ from him and from that court only in the conclusion

that the case should be reversed and remanded for a new trial.

Our conclusion is that the judgment of the circuit court of the city of St. Louis should be reversed and the cause remanded with directions to that court to enter up a judgment in favor of plaintiffs for the amount paid by appellant on the special taxbill, with interest thereon at six per cent from the date of the commencement of this action, first ascertaining the amount of such interest, and it so ordered. *Nortoni* and *Caulfield, JJ.,* concur.